UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-01189-TLN-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| RONALD YATES, JOANNE YATES, BRYAN GROSS, and VALORI GROSS, | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Scott Johnson's ("Plaintiff") Motion for Attorney's Fees. (ECF No. 16.) Defendants Ronald Yates, Joanne Yates, Bryan Gross, and Valori Gross (collectively "Defendants") oppose Plaintiff's motion. (ECF No. 18.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Plaintiff's Motion for Attorney's Fees (ECF No. 16) is hereby GRANTED in part.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a quadriplegic and brought this action based on barriers he encountered at Manteca Collision Center. Plaintiff filed the instant action against Defendants on May 14, 2015, for violations of the Americans with Disabilities Act ("ADA") and violations of the California Unruh Civil Rights Act. (Compl., ECF No. 1.) On April 29, 2015, Plaintiff made a demand of $10,000.00 plus injunctive relief to settle the case. Defendants never responded to the offer or

1

countered the offer. (ECF No. 16-1 at 5.) On October 29, 2015, Plaintiff made a separate offer to settle for $4,000.00 plus attorney's fees. Ultimately, the parties settled on those terms. Plaintiff now moves for attorney's fees and costs. (ECF No. 16.)

**II.    STANDARD OF LAW**

Under the ADA and the Unruh Act, a prevailing party may recover reasonable attorney's fees and costs. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). To determine a reasonable attorney's fee, the court calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court may reduce the total hours included in the lodestar calculation "where documentation of the hours is inadequate . . . if the case was overstaffed and hours are duplicated . . . [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

"When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The fee applicant has the burden of producing "satisfactory evidence" that the requested rates are in line with those prevailing in the relevant community for similar legal services of reasonably comparable skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gonzalez*, 729 F.3d at 1205. Satisfactory evidence of the prevailing market rates for similar legal services may include affidavits of plaintiff's counsel, affidavits of other attorneys regarding prevailing market rates in the relevant community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's counsel. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The fee calculated under the lodestar method is presumptively reasonable, but may be adjusted upwards or downwards pursuant to a variety of factors. *Gonzalez*, 729 F.3d at 1208–09;

2

*see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating twelve factors to consider in awarding reasonable attorney's fees). To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, the court may consider them in adjusting the fee award after the calculation is completed. *Chalmers*, 796 F.2d at 1212.

**III.   ANALYSIS**

Plaintiff seeks $1,390.00 in costs and $13,160.00 in attorney's fees. (ECF No. 16-1 at 19–20.) Plaintiff calculates the reasonable attorney's fees using the lodestar method and does not seek a modification. (*See* ECF No. 16-1.) Defendants acknowledge they owe reasonable attorney's fees, but believe the amount requested is "excessive." (ECF No. 18 at 1.) Defendants ask the Court to award no more than $4,000.00 in attorney's fees. (ECF No. 18 at 1.) In support of this request, Defendants argue the case is very straightforward with no depositions or discovery and Defendants' counsel expended far less in fees. (ECF No. 18 at 3–4.) The Court must determine the lodestar value by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court turns to the hours reasonably expended and then the reasonable hourly rates.

### A. Hours Reasonably Expended

Plaintiff submits a billing schedule itemizing time by attorneys Mark Potter, Phyl Grace, Amanda Lockhart, Isabel Masanque, and Christina Sosa. (*See* ECF No. 16-3.) Plaintiff requests a total of $13,160 in attorney's fees for approximately eighty-two hours of work. The billing summary shows Mr. Potter billed 23.1 hours, Ms. Grace billed 9.1 hours, Ms. Lockhart billed 4 hours, Ms. Masanque billed 7 hours, and Ms. Sosa billed 2.5 hours. (*See* ECF No. 16-3.)

Of the 23.1 hours billed by Mr. Potter, 10 of those hours were "estimated time to draft plaintiff's notice and motion, and PNA for fees, review opposition, draft reply brief, travel to and argue at the hearing." (ECF No. 16-3 at 3.) Plaintiff did not submit a reply brief, nor did the Court hold a hearing on Plaintiff's motion. Additionally, Mr. Potter's preceding billing linestates he worked 1.7 hours to draft the fee motion with supporting documents and declarations. Finally, Plaintiffs do not explain the meaning of "PNA" nor can the Court find a reasonable definition on its own. Accordingly, the Court finds this estimated entry unreasonable because it is partially

3

duplicative and the estimated work never came to pass. The Court strikes the 10 hours in its entirety. *See Moreno*, 534 F.3d at 1111.

In addition, Mr. Potter billed 2.2 hours for "conduct[ing] public records research to determine the identity of the responsible parties and to determine if there had been alterations or modification that would have triggered stricter Title 24 obligations for this property." (ECF No. 16-3 at 2.) Courts in this district have found conducting a "public record search" clerical in nature such that they warrant a reduction in hours billed. *See Johnson v. Wayside Prop., Inc.*, No. Civ. 2:13-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (reducing a 2.1 hour "public records research" entry by 1 hour); *Johnson v. Allied Trailer Supply*, No. Civ. 2:13-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (reducing another 2.1 hour "public records research" entry by 1 hour). Accordingly, the Court reduces the entry by half to 1.1 hours.

Finally, Defendants argue the discovery in this case was standard. (ECF No. 18 at 5.) The Court agrees that this case presents the standard complaint and filings as many similar ADA cases in this and other districts. Mr. Potter's billing on 08/04/2014 allows 3.1 hours for reviewing the case file and drafting discovery. Such an allotment is excessive in light of the course of this case. Accordingly, the Court reduces the 08/04/2014 billing to 1 hour.

Mr. Potter's billing time is, therefore, reduced to 9.1 hours.

### B. Reasonable Hourly Rates

Plaintiff seeks hourly rates of $350 for Mr. Potter, $250 for Ms. Grace, and $200 for "Mr. Price and Ms. Lockhart."[1] (ECF No. 16-1 at 7.) Ms. Masanque and Ms. Sosa use a billing rate of $200 per hour on their itemized billing records. (ECF No. 16-3 at 7, 9.)

After an examination of related decisions in this district, the Court finds $300 per hour is a reasonable rate for Mr. Potter. *See Bach Thuoc Vu*, 2017 WL 2813210, at *3 (finding reasonable rate of $300 per hour for Mr. Potter); *Luna v. Hoa Trung Vo*, No. CV F 08-1962 AWI SMS, 2011

---

[1] The Court was not provided an itemized billing sheet for Mr. Price. It seems apparent that Plaintiff's counsel has either copied this section from a previous motion or used a previous motion without reasonably making sure that the contents describe the case at issue. This further supports the Court's reasons for finding this case is standard.

4

WL 2078004, at *5 (E.D. Cal. May 25, 2011) (finding a reasonable rate of $375 per hour for attorney with more than 40 years of experience in "disability-related litigation").

Additionally, the Court reviewed related decisions as to the rates of associates Ms. Grace, Ms. Lockhart, Ms. Masanque, and Ms. Sosa. For Ms. Grace, an associate with twenty years of experience, the Court finds that $175 is an appropriate hourly rate for her work. *See Johnson v. Lin*, No. 13-1484, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016) (granting Ms. Grace $175 for similar services); *Johnson v. Patel*, No. 14-2078-WBS-AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) (same); *Johnson v. Allied Trailer Supply*, No. 13-1544 WBS EFB, 2014 WL 1334006, at *5–6 (E.D. Cal. Apr. 3, 2014) (same). As for Ms. Lockhart, Ms. Masanque, and Ms. Sosa, the Court finds that $150 per hour is a reasonable hourly rate. *See Johnson v. Iqbal*, No. 2:15-cv-00191-KJM-AC, 2016 WL 3407773, at *3 (June 21, 2016) (finding a rate of $150 per hour for Ms. Lockhart and another junior associate); *Johnson v. Wayside Property, Inc.*, No. 13-1610-WBS-AC, 2014 WL 6634324, at *6–8 (E.D. Cal. Nov. 21, 2014). Plaintiff has not presented the Court with any reason to depart from the rates awarded in other similar cases.

Accordingly, the Court calculates the lodestar with reasonable hourly rates as: Mr. Potter at $300, Ms. Grace at $175, and Ms. Lockhart, Ms. Masanque, and Ms. Sosa at $150. The Lodestar in this case is as follows.

| | | | | | |
|---|---|---|---|---|---|
| Potter | 9.9 hours | x | $300 | = | $2,970.00 |
| Grace | 9.1 hours | x | $175 | = | $1,592.50 |
| Lockhart | 4 hours | x | $150 | = | $750.00 |
| Masanque | 7 hours | x | $150 | = | $1,050.00 |
| Sosa | 2.2 hours | x | $150 | = | $330.00 |
| | | | | **Total**: | **$7,052.50** |

C. Costs

Under the ADA, a court may award litigation expenses and costs. 42 U.S.C. § 12205. Plaintiff seeks litigation costs in the amount of $1,390.00, which includes the filing fee of $400,

the service cost of $400, the investigation cost of $200, and the expert witness fee of $390. (ECF No. 16-1 at 19.) Defendants asserted no objections to these expenses. Even so, Plaintiff has not provided any documentation for any such "investigation costs," nor has Plaintiff given the Court any description of such activities. The Court finds billing $200 for an ambiguous "investigation" without providing supporting documents unreasonable. Furthermore, Plaintiff has not provided the Court with any document or support for an award of expert witness fees of $390. In other cases granting an award of costs for an expert, the bill was provided to the Court. However, no such bill was attached to the motion. The Court will not award such an amount arbitrarily. Accordingly, the Court grants Plaintiff $800.00 in costs for the filing fee and service cost.

### IV. CONCLUSION

For the above stated reasons, the Court awards Plaintiff $7,052.50 in attorney's fees and $800.00 in costs, for a total of $7,852.50. The Court notes Plaintiff failed to file dispositional documents as ordered by the Court on multiple occasions. Based on the above filings and on the Court's own motion, the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 9, 2017

Troy L. Nunley
United States District Judge